Moreover, the order reads "with ten dollars costs to the plaintiff's attorneys," and this makes it still more evident that the order was prepared by attorneys for presentation for signature in the hurry of chambers business, as costs are awarded to a party, and not to the attorney. Ordinarily, if imposed at all, motion costs are awarded against the plaintiff who desires to retire his suit, and are to compensate defendant for being needlessly taken into court. In the case at the bar, it is apparent that the order under criticism is too harsh and arbitrary to be within sound discretion. Fleischman v. Fleischman (Sup.) 30 N. Y. Supp. 1131.

The order appealed from is modified, by striking out the provision therein giving the plaintiff costs against the defendant, to be paid to the plaintiff's attorney, and by inserting, in lieu thereof, $10 costs of motion to defendant, and, as so modified, affirmed, with $10 costs of this appeal, besides disbursements for printing, to be taxed.

FITZSIMONS, C. J., concurs.

---

### ROSENSWEIG v. McCAFFREY.

(City Court of New York, General Term. March 29, 1899.)

COUNTERCLAIM—VALIDITY.

    Where a complaint is based on a debt due a firm, a counterclaim against one of the firm is properly excluded.

Appeal from trial term.

Action by David Rosensweig against Margaret A. McCaffrey. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCHMAN, JJ.

Thomas O'Callahan, Jr., for appellant.

Jacob Friedman, for respondent.

FITZSIMONS, C. J. The complaint is based upon a debt due to Griffin & Giles for commission due them in effecting an exchange of certain premises owned by defendant. A counterclaim is set up in defendant's answer against Griffin alone. The counterclaim was demurred to. Demurrer was sustained; hence the appeal.

It was proper to sustain the demurrer. The counterclaim set forth was based upon a debt due from Griffin alone. The cause of action set forth in the complaint alleged a claim due to Griffin & Giles jointly. A separate debt cannot be set off against a joint debt. Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350. This view of the matter renders it unnecessary for us to consider the other points presented by respondent in his demurrer.

Order and judgment appealed from must be affirmed, with costs. All concur.